# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**BRENDA DREW**                                                                             **PLAINTIFF**

V.                     **NO. 1:18CV00066 JM-JTR**

**NANCY A. BERRYHILL,**
Deputy Commissioner for Operations,
performing the duties and functions not reserved
to the Commissioner of Social Security                         **DEFENDANT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction:

Plaintiff, Brenda Drew ("Drew"), applied for disability benefits on August 2, 2015, alleging disability beginning on July 17, 2015. (Tr. at 12). After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application. (Tr. at 22). The Appeals Council denied her request for review. (Tr. at 1). Thus, the ALJ's decision now stands as the final decision of the Commissioner.

For the reasons stated below, the Commissioner's decision should be affirmed.

## II. The Commissioner's Decision:

The ALJ found that Drew had not engaged in substantial gainful activity since the alleged onset date of July 17, 2015. (Tr. at 14). At Step Two, the ALJ found that Drew has the following severe impairments: left shoulder adhesive capsulitis, migraine headaches, and anxiety disorder. *Id*.

After finding that Drew's impairments did not meet or equal a listed impairment (Tr. at 15), the ALJ determined that Drew had the residual functional capacity ("RFC") to perform the full range of light work, except that: (1) she cannot perform any overhead reaching duties with the left upper extremity; (2) she is limited to work where interpersonal contact is routine but superficial and complexity of tasks is learned by experience with several variables and judgment within limits; and (3) she requires little supervision for routine, work-related tasks, and detailed supervision for non-routine work-related tasks. (Tr. at 17).

The ALJ found that, based on his RFC, Drew was able to perform past relevant work as payroll clerk and invoice clerk. (Tr. at 22). Thus, the ALJ found that Drew was not disabled. *Id*.

## III. Discussion:

A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B.  Drew's Arguments on Appeal

Drew contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues that: (1) migraine headaches would prevent her from

3

keeping a regular work schedule; (2) the RFC did not fully incorporate her limitations, particularly with respect to her shoulder problem; and (3) the ALJ did not properly consider Drew's long work history. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Drew had migraine headaches throughout the relevant time-period. She had as many as four or five per month and some could last as long as a few days. However, in October 2015, Drew said she was stable on headache medications. (Tr. at 416). Her headaches were better and had decreased in frequency by December 2015. (Tr. at 427). Improvement in condition supports an ALJ's finding that a claimant is not disabled. *See Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992). Drew said in April 2016 that abortive and prophylactic medications were working for headaches. (Tr. at 425). She again said medication helped in November 2016. (Tr. at 456). Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). At the hearing, Drew said that Topamax helped and that she could manage any side effects from medication. (Tr. at 119).

No doctor placed any work restrictions on Drew related to headaches. And she did not require treatment more aggressive than simple medication. She could also do things like prepare meals, do simple chores, and go to church. (Tr. at 305-

308). The evidence shows improvement and positive response to medication. The only evidence that Drew would miss an unacceptable amount of work due to headaches comes from her own reports. And these reports conflict with her testimony that medications helped her. Functional limitations must have a basis in the medical evidence and are not established based solely on a claimant's statement of symptoms. 20 C.F.R. §§ 404.1508, 416.908; *Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004). The ALJ did not err in finding that headaches were not disabling.

As for shoulder pain, admittedly Drew had what doctors referred to as a frozen shoulder. At times, she had zero external rotation in her left shoulder. (Tr. at 444-445). Drew underwent shoulder surgery for severe adhesive capsulitis in September 2014, and after the surgery she had full, impingement-free range of motion. (Tr. at 355). The rotator cuff was in excellent condition. *Id*. The shoulder "looked good" according to her doctor in October 2014, and she had no degenerative changes. (Tr. at 397). Her doctor told her to stretch at home. (Tr. at 402). A physician's recommendation to exercise suggests that a claimant has an increased functional capacity. *See Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009).

Two years after surgery, the pain in Drew's left shoulder returned, but an x-ray showed only mild narrowing in the glenohumeral joint. (Tr. at 445). Objective tests showing mild to moderate conditions do not support a finding of disability.

*Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004). Drew said she was not interested in physical therapy. (Tr. at 445). By May 2017, Drew stated that medication controlled her pain. (Tr. at 502). Still, she points to increased pain that resulted in a February 2018 surgery. (Tr. at 57-59, 28-29). But that evidence falls outside the relevant time-period. And there was no further evidence to shed light on Drew's response to surgery in 2018. The proper remedy in the face of new medical evidence from after the ALJ's decision is to file a new application for benefits.

The ALJ limited Drew to no overhead reaching with her left shoulder. He based that RFC on a fully developed record, which included evidence Drew could perform a variety of daily activities and responded well to surgery and medication. Also, no doctor prescribed an assistive or therapeutic device for Drew's shoulder. And no doctor placed work restriction on her related to her shoulder. The RFC properly incorporated limitations from adhesive capsulitis.

Drew contends that the ALJ did not properly discuss her long work history (25 years). Work history is indeed one factor to consider when assessing a claimant's credibility. The ALJ questioned Drew extensively about her work history, and he said "consideration was given to all the evidence presented related to [Drew's] work prior work history." (Tr. at 18). A long work history may be a factor weighing in favor of a claimant's credibility; however, the ALJ considered all of the other factors

6

implicit in assessing credibility, like daily activities, response to medication, side effects, and objective medical evidence. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ properly found Drew's allegations of total disability less than persuasive.

The RFC also properly incorporated symptoms of depression and anxiety. There is no record of formal treatment by a psychiatric professional, and on several occasions, Drew denied symptoms of depression or anxiety. (Tr. at 388, 419, 424). Medications helped with depression and Drew was able to perform a wide variety of daily activities, which undermines her claim that mental illness was disabling. See *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995)

## IV. **Conclusion:**

There is substantial evidence to support the Commissioner's decision that Drew was not disabled. The RFC properly incorporated Drew's limitations and the ALJ considered her work history.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be AFFIRMED and that the case be DISMISSED, with prejudice.

DATED this 21st day of March, 2019.

_____
UNITED STATES MAGISTRATE JUDGE